UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

JUAN HERNANDEZ,

                Petitioner,        02 Civ. 9098 (RWS)

   -against-                  MEMORANDUM OPINION

WILLIAM D. BROWN, Superintendent,     AND ORDER
Greenhaven Correctional Facility,
and ANDREW CUOMO, New York State
Attorney General,

                Respondent.

----------------------------------X

Sweet, D.J.

By letter of June 20, 2009, Petitioner Juan Hernandez ("Hernandez" or "Petitioner") has requested an extension of time to brief his claim for Constitutional violations pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), arising out of the state court's imposition of consecutive sentences. For the reasons set forth below, his request is denied.

**Prior Proceedings**

Following a jury trial in New York State Supreme Court, New York County, Petitioner was convicted of two counts of attempted murder in the second degree, and two counts of criminal use of a firearm in the first degree. On June 16, 1994, the court sentenced Petitioner to two concurrent terms of imprisonment of 12 ½ to 25 years for one count of attempted murder in the second degree and one count of criminal use of a weapon in the first degree, to run consecutively to two concurrent terms of 9 to 18 years for the other counts of attempted murder in the second degree and criminal use of a firearm in the first degree. He remains incarcerated pursuant to this judgment.

On November 14, 2002, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 with this Court, asserting violations of his federal constitutional rights arising out of the ineffective assistance of counsel, due process violations, and the legal insufficiency of the evidence presented at trial to support a guilty verdict.

On March 24, 2005, the habeas petition was placed on the suspense docket at Petitioner's request to permit Hernandez to appeal his sentence before the trial court

1

pursuant to C.P.L. 440.20 and Apprendi v. New Jersey, 530 U.S. 466 (2000) (the "Apprendi claim"). On May 18, 2005, the Honorable Edward J. McLaughlin denied Hernandez's petition. Petitioner subsequently requested permission to appeal the denial with the New York Appellate Division.

By letters of June 17, 2005, and July 27, 2005, Petitioner requested that the Court, pending the New York Appellate Division's decision on his request to appeal, consolidate his Apprendi claim with his previously filed habeas petition. Enclosed in the July 27, 2005 letter was a copy of Petitioner's appeal to the New York Appellate Division. The People's Opposition and Petitioner's Reply papers were subsequently forwarded to the Court by Petitioner on August 7, 2005.

By letter dated December 16, 2005, Petitioner informed the Court that the New York Appellate Division had denied him permission to appeal the trial court's denial of his Apprendi claim. Petitioner also requested that his habeas petition be removed from the suspense docket and reiterated his request that his Apprendi claim be considered as part of his previously filed habeas petition.

A copy of the New York Appellate Division's November 29, 2005 order was enclosed.

On July 17, 2007, the Court denied Petitioner's habeas petition. The opinion did not address Petitioner's Apprendi claim.

On August 24, 2007, Petitioner filed a notice of appeal with the Second Circuit Court of Appeals.

**Discussion**

In his June 20, 2009 letter to the Court, Petitioner claims that he received the Appellate Division's denial of permission to appeal his Apprendi claims for the first time on June 8, 2009. Petitioner argues that because he never informed the Court of the exhaustion of his state court remedies in connection with his Apprendi claim, the issues presented in that claim were never properly before this Court. Petitioner therefore requests until the end of September 2009 to brief and submit his Apprendi claims to the Court.

The record, however, indicates that Petitioner was notified in late 2005 of the Appellate Division's denial of his Apprendi claim, as demonstrated by his December 16, 2005 letter to the Court enclosing a copy of the Appellate Division's decision.

To the extent Petitioner believes his Apprendi claim should be viewed as part of his original habeas petition, the Court has been divested of jurisdiction as a result of Petitioner's appeal from the Court's denial of his request for habeas relief.

Insofar as Petitioner's letter may be viewed as a separate motion for habeas relief on the basis of his Apprendi claim, it failed to articulate any reason why the Court should vacate the state court's denial of his claim. See 28 U.S.C. § 2254(d)(1) (petitioner must demonstrate that the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."); Sacco v. Cooksey, 214 F.3d 270, 273 (2d Cir. 2000).

Petitioner's request for additional time to brief his <u>Apprendi</u> claim is therefore denied.

It is so ordered.

New York, N.Y.
August 5, 2009

ROBERT W. SWEET
U.S.D.J.